IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| **General Nutrition Investment, Company,** ) )  | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.1:09cv989 (TSE/TRJ) |
| **GNC-CHINA.COM,** *et al.,* ) ) | |
| Defendants. ) ) | |

**REPORT AND RECOMMENDATION**

This matter was before the court on Friday, May 11, 2010 for hearing on plaintiff's Motion for Default Judgment against defendant domain names <gnc-china.com>, <gnc-cn.com>, <gncchina.com>, <china-gnc.com>, <chinagnc.com>, <chinesegnc.com>, and <cn-gnc.com> (collectively, the "GNC China Names.") (docket no. 13). After consideration of plaintiff's motion – and the affidavit of Christopher C. Eck (docket no. 14) – the magistrate judge recommends that default judgment be entered transferring the GNC China Names to plaintiff.

**The Parties**

Plaintiff, General Nutrition Investment Company ("GNIC"), a wholly-owned intellectual property investment subsidiary of General Nutritional Centers, Inc. (which, in turn, is a wholly-owned subsidiary of GNC corporation, an entity itself nested within its corporate parent, GNC Acquisition Holdings. Inc. (collectively referred to as "GNC")), is a corporation organized and existing under the laws of the State of Arizona. (Affidavit of Christopher C. Eck in Support of Motion for Default Judgment ("Eck Aff.") ¶ 2.) The

defendants GNC China Names are Internet domain names registered to Jiangsu Jiayi Trade Co., Ltd. ("Jiangsu"). (Eck. Aff. ¶ 4.)

### Interested Parties

Jiangsu ("registrant") registered the GNC China Names through Bizcn.com, Inc. ("BizCN"), an ICANN-accredited registrar that operates at <Bizcn.com>. It appears that the registrant has no presence in this or in any other district sufficient to establish jurisdiction over it. VeriSign, Inc., whose offices are situated within this district, is the exclusive registry controlling domain names in the generic ".com" top-level domain. Continental Airlines, Inc. v. Continental Air.com, Civil Action No. 1:09cv770 (E.D. Va. Nov. 3, 2009), adopted by Continental Airlines, Inc. v. Continental Air.com, 2009 U.S. Dist. LEXIS 117461 (E.D. Va., Dec. 17, 2009).

### Jurisdiction and Venue

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1125(d)(2) of the Anticybersquatting Consumer Protection Act of 1999 (the "Anticybersquatting Act"). This court has *in rem* jurisdiction over the GNC China Names pursuant to 15 U.S.C. § 1125(d)(2)(C) because, under 15 U.S.C. § 1125(d)(2)(A), the registry is located in this judicial district and division and, as found below, this court lacks *in personam* jurisdiction over the registrant of the domain name who would have been the defendant in an action brought under 15 U.S.C. § 1125(d)(l). Venue lies pursuant to 28 U.S.C. § 1391.

### Procedural History

GNC is the largest retailer of nutritional, energy and dietary consumer goods in the world. (Eck. Aff. ¶ 6.) GNIC owns numerous trademark and service mark

registrations – in both word and design form – for GNC's signature GNC mark (hereinafter the "GNC Mark") in eighty-one countries around the world, including the United States (U.S. Reg. Nos. 2,180,647 and 3,429,065) and China (Reg. Nos. 3,199,384; 3,063,171; 5,691,553; 5,691,554). In China, plaintiff also owns by assignment trademark registrations for the GNC Mark as transliterated into the Mandarin ideograms (1) 健安喜, (2) 健安喜, and (3) 優安喜 (Reg. Nos. 5,316,525; 3,199,393; 3,002,226; 3,002,225; 3,002,227). (Eck Aff. ¶ 7.)

Apart from its trademarks and service marks, plaintiff owns various generic domain name registrations for domains incorporating the GNC Mark, including but not limited to <gnc.com>, <gncamerica.com>, <gnc-canada.com>, <gnccanada.com>, <gncgermany.com>, <gncspain.com>, <gncitaly.com>, <gncsweden.com>, <gnckorea.com>, etc. (Eck Aff. ¶ 8.) 优安喜.com, 優安喜.com, and 活得好.com are among plaintiff's several international domain name registrations for domains incorporating the GNC Mark in Mandarin. Taken together, these domain names are referred to hereinafter as the "GNC Names."

Plaintiff filed this *in rem* action on September 2, 2009. Its complaint alleges that the GNC China Names are in violation of the Anticybersquatting Act because their unlawful and bad faith registration and use render them confusingly similar to GNC's signature trademark and service mark, GNC. Pl.'s Compl. ¶ 23.

The complaint seeks transfer of the GNC China Names. Pl.'s Compl. ¶ 32. Plaintiff undertook various steps – pursuant to 15 U.S.C. §§ 1125(d)(2)(A)(ii), (B) – to give notice of the existence of this lawsuit to the registrant of the domain names via e-

mail and regular mail, but received no response. Plaintiff also sent a date-stamped copy of the complaint to the registrant of the domain names at the address in China listed in its registration on November 19, 2009; FedEx was unable to deliver the package because the address listed by the registrant does not exist. (Second Affidavit of Rooksby ("Second Rooksby Aff.") ¶ 3.)

On February 26, 2010, the court entered an order granting plaintiff's motion for publication (docket no. 7); shortly thereafter, a Notice of *In Rem* Action was published in The Washington *Times* on March 2, 2010. See Docket Entry No. 8, Ex. A.

No party having asserted rights in the defendant domain names within this period, the Clerk entered default against them on March 26, 2010. See Docket Entry No. 11.

Plaintiff now seeks a default judgment against the GNC China Names, and asks the court for a judgment transferring to plaintiff control of them pursuant to 15 U.S.C. § 1125(d)(2)(D)(I).

## Findings of Fact

The well-pled allegations of the complaint establish, and the magistrate judge finds, that the registrant has violated the Anticybersquatting Act by registering the GNC China Names, which are confusingly similar to plaintiff's GNC Mark in violation of plaintiff's rights as the owner of the mark. 15 U.S.C. § 1125(d)(1)(A).

Under 15 U.S.C. § 1125(d)(2), to proceed *in rem*, a plaintiff must establish that: (a) plaintiff owns a mark registered in the Patent and Trademark Office, or protected under § 1125(a) or § 1125(c); (b) the defendant domain name violates any right of

plaintiff in plaintiff's own marks as protected under § 1125(a) or § 1125(c);[1] and (c) plaintiff is unable either to find or to obtain personal jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. §1125(d)(1). 15 U.S.C. § 1125(d)(2)(A); See People for the Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001).

Applying the law to the facts of this case, the magistrate judge finds that all requirements of the Anticybersquatting Act have been met and therefore plaintiff may properly proceed *in rem* against the domain names for the following reasons.

First, the magistrate judge finds that the plaintiff has notified registrant of the existence of this action and has fully complied with the court's February 26, 2010 Order. It is therefore appropriate to proceed against the domain names with an *in rem* action as provided for in the Anticybersquatting Act.

Second, the registrations of the GNC Mark on the Principal Register are *prima facie* evidence that the GNC Mark is at least descriptive and distinctive. America Online, Inc. v. AT & T Corp., 243 F.3d 812, 816 (4th Cir. 2001).

Third, the magistrate judge finds that the GNC China Names are in violation of plaintiff's rights in its GNC Mark under 15 U.S.C. §1125(a). When considering the similarity of individual marks, courts must give "greater force and effect to the marks' dominant elements." Washington Speakers Bureau, Inc. v. Leading Auths., Inc., 33 F. Supp. 2d 488, 498 (E.D. Va. 1999). The GNC China Names (to wit, <gnc-china.com>, <gnc-cn.com>, <gncchina.com>, <china-gnc.com>, <chinagnc.com>,

---

[1] *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) (holding that the *in rem* provision of § 1125(d)(2) is not limited to bad faith claims under §1125(d)(1), but also covers claims under §§ 1114, 1125(a) and 1125(c)).

<chinesegnc.com>, and <cn-gnc.com>), which wholly incorporate plaintiff's GNC Mark and virtually replicate plaintiff's various domain names ( to wit, <gnc.com>, <gncamerica.com>, <gnc-canada.com>, <gnccanada.com>, <gncgermany.com>, <gncspain.com>, <gncitaly.com>, <gncsweden.com>, <gnckorea.com>, etc) are confusingly similar to plaintiff's GNC Mark.

Fourth, the magistrate judge finds that despite plaintiff's due diligence, it was unable to find or to obtain personal jurisdiction over any person who would have been a defendant in a civil action under 15 U.S.C. §1125(d)(1). Jiangsu, the registrant, is located in China and lacks the requisite minimum contacts with the United States to establish personal jurisdiction.

Further, the magistrate judge finds that registrant, with bad faith, registered, has used, and will continue to use the GNC China Names, which are confusingly similar to plaintiff's GNC Mark in violation of 15 U.S.C. § 1125(d)(1)(A). That is because never has the registrant used the GNC Mark for any *bona fide* purpose and it has no intent to do so. (Eck. Aff. ¶ 15.) Instead, the registrant's purpose in registering these domain names was to extort payments through cybersquatting from GNC. Id.

Having found that plaintiff has met the requirements to proceed and prevail in an *in rem* action under the Anticybersquatting Act, the magistrate judge also finds that the registrant failed to properly plead or otherwise defend against plaintiff's complaint and that defendant domain names are in default pursuant to Fed. R. Civ. P. 55(a) and the orders of this court.

**Recommendation**

The magistrate judge recommends that default judgment be entered against defendant domain names under Fed. R. Civ. P. 55(b)(2). The magistrate judge recommends that plaintiff's motion for default judgment be granted and that the domain names <gnc-china.com>, <gnc-cn.com>, <gncchina.com>, <china-gnc.com>, <chinagnc.com>, <chinesegnc.com>, and <cn-gnc.com> be transferred to plaintiff pursuant to 15 U.S.C. §1125(d)(2)(D)(i).

**Notice**

By means of the court's electronic filing system, and by emailing a copy of this report and recommendation to the registrant at his registered address, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

June 9, 2010
Alexandria, Virginia